UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARYSA R. COMER, <br><br> Defendant. | No. CR15-00175RSL <br><br> ORDER DENYING DEFENDANT MARYSA COMER'S MOTION FOR REVOCATION OF DETENTION ORDER |

This matter comes before the Court on "Motion for Revocation of Detention Order by Marysa Renee Comer." Dkt. #31. The Honorable Brian A. Tsuchida, United States Magistrate Judge, considered whether defendant should be detained pending her trial, finding that continued detention is appropriate.

On July 2, 2015, the Court heard oral argument on defendant's motion for revocation of the Magistrate Judge's detention order. In ascertaining whether to detain or release a defendant, the Court must consider (1) the nature and seriousness of the offenses charged, (2) the weight of the evidence against the defendant, (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). The weight of the evidence against defendant is the least important of these factors, and the Court may not engage in a pretrial determination of guilt or innocence. United States v.

Motamedi, 767 F.2d 1403, 1408 (9th Cir. 1985).

This Court must conduct a *de novo* review of the Magistrate Judge's detention order.  Having reviewed the parties' briefs on this matter, and the record that was before Judge Tsuchida, the Court finds as follows:

(1) Many of the charges against defendant are of a very serious nature.  The Indictment charges defendant with conspiracy offenses alleging, among other things, that defendant acted in concert "to recruit, entice, harbor, transport, provide, and obtain by any means, an adult female ... to engage in commercial sex acts" (Dkt. #21) and alleges that defendant took part in the transportation of these recruits across state lines to engage in prostitution.  Defendant is facing charges that carry a mandatory minimum sentence of fifteens years imprisonment.  The nature and seriousness of the offenses charged therefore caution against pre-trial release.

(2) Defendant has proffered evidence regarding her ties to the community in Matthews, North Carolina.  While defendant may not have ties to the Western District of Washington, the Ninth Circuit Court of Appeals determined that "community" in § 3142(g) encapsulates "a community in the United States to which the defendant has ties." United States v. Townsend, 897 F.2d 989, 995 (9th Cir. 1990).  The support of and connection to this community weigh in defendant's favor.

In response, the Government demonstrated by a preponderance of the evidence that defendant is, in fact, a flight risk.  Defendant is alleged to have lied to authorities about her whereabouts when notified of the existence of a warrant for her arrest.  Further, in a letter written to her co-defendant, defendant wrote "I even seriously considered making a break for your unit ... [a]ll I had to do was wait for your guard to go back into your unit and I could've run right past him ..." (Dkt. #37-1).  This undisputed evidence further underlines a tendency toward flight in violation of FDC rules and regulations.  The number of crimes with which defendant is

charged, continued demonstration of non-compliance and defendant's potential sentence under the federal guidelines all indicate that defendant's potential for flight is great.

(3) The Government has alleged that defendant would pose a risk to particular persons if she were released from detention. In particular, the Government alleges that defendant engaged in witness intimidation and tampering through the use of social media. Defendant's letter to her co-defendant relays a violent attack perpetrated by defendant upon a fellow inmate, in violation of FDC rules and regulations. This behavior underscores a pattern of continued disobedience. The Court cannot trust that defendant will comply with the terms of a pre-trial release. Regardless of the efforts of her parents in acting as third-party custodians, the ready availability of access to the internet and social media poses a significant concern that the defendant may continue to act in violation of the prescribed terms of her release. The Court thus finds that the defendant would pose a risk of danger or fear to particular persons or the community were she to be released.

For all of the foregoing reasons and based on its *de novo* review of the record, the Court finds that there is clear and convincing evidence that no condition or combination of conditions of release can reasonably assure defendant's appearance at trial or the safety of the community. Defendant's motion for revocation of the detention order (Dkt. #31) is, therefore, DENIED.

DATED this 7th day of July 2015.

Robert S. Lasnik
United States District Judge